MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

ORLANDO XOCUA DE LA CRUZ, *individually and on behalf of others similarly situated,*

                           *Plaintiff,*

                  -against-

YRBL CORPORATION (d/b/a THE KITCHEN)
and YOONHWAN CHUNG

                      *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

     Plaintiff Orlando Xocua de la Cruz ("Plaintiff de la Cruz" or "Mr. de la Cruz"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants YRBL Corporation (d/b/a The Kitchen) ("Defendant Corporation") and Yoonhwan Chung (collectively, "Defendants"), alleges as follows:

## <u>NATURE OF ACTION</u>

     1.    Plaintiff de la Cruz is a former employee of Defendants YRBL Corporation (d/b/a The Kitchen) and Yoonhwan Chung.

     2.    The Kitchen is an American restaurant owned by Yoonhwan Chung located at 4811 43rd Avenue, Sunnyside, New York 11104.

3.     Upon information and belief, Defendant Yoonhwan Chung serves or served as owner, manager, principal and/or agent of Defendant Corporation, and through this corporate entity operates the restaurant.

4.     Plaintiff de la Cruz is a former employee of Defendants.

5.     Plaintiff de la Cruz was ostensibly employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to cutting and frying potatoes, carrying down and stocking deliveries in the basement, bringing up items from the basement, taking out the garbage, sweeping and mopping the basement and the business, twisting and tying up cardboard boxes, shopping items at the supermarket, and dishwashing (hereinafter, "non-delivery, non-tip duties").

6.     Plaintiff de la Cruz regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff de la Cruz appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Defendants employed and accounted for Plaintiff de la Cruz as a delivery worker in their payroll, but in actuality his duties included a significant amount of time spent performing the non-delivery, non-tipped duties alleged above.

9.     At all times, regardless of duties, Defendants paid Plaintiff de la Cruz and all other delivery workers at the lowered tip-credited rate.

10.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff de la Cruz's non-tipped duties exceeded 20% of each workday, (12 N.Y.C.R.R. § 146).

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff de la Cruz's actual duties in payroll records to avoid paying Plaintiff de la Cruz at the minimum wage rate, and to enable them to pay Plaintiff de la Cruz at the lower tip-credited rate by designating him as a delivery worker instead of a non-tipped employee.

12.     Defendants' conduct extended beyond Plaintiff de la Cruz to all other similarly situated employees.

13.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff de la Cruz and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

14.     Plaintiff de la Cruz now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, including applicable liquidated damages, interest, attorneys' fees, and costs.

15.     Plaintiff de la Cruz seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff de la Cruz's state law claims is conferred by 28 U.S.C. § 1367(a).

17.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff de la Cruz was employed by Defendants in this district.

## PARTIES

*Plaintiff Orlando Xocua de la Cruz*

18.     Plaintiff de la Cruz is an adult individual residing in Bronx County, New York.

19.     Plaintiff de la Cruz was employed by Defendants from approximately June 2016 until on or about September 27, 2016.

20.     Pursuant to 29 U.S.C. § 216(b), Plaintiff de la Cruz consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

21.     At all times relevant to this Complaint, Defendants own, operate, and/or control an American restaurant located at 4811 43rd Avenue, Sunnyside, New York 11104 under the name "The Kitchen."

22.     Upon information and belief, YRBL Corporation ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 4811 43rd Avenue, Sunnyside, New York 11104.

23.     Defendant Yoonhwan Chung is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Yoonhwan Chung is sued individually and in his capacity as an owner, officer and/or agent of defendant Corporation.

24.     Defendant Yoonhwan Chung possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation and/or controlled significant functions of defendant Corporation.

25.     Defendant Yoonhwan Chung determined the wages and compensation of the employees of Defendants, including Plaintiff de la Cruz, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

26.     Defendants operate an American restaurant located at 4811 43rd Avenue, Sunnyside, New York 11104.

27.      Individual Defendant Yoonhwan Chung possesses operational control over defendant Corporation, possesses an ownership interest in defendant Corporation, and controls significant functions of defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff de la Cruz's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff de la Cruz, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff de la Cruz, and all similarly situated individuals, and are Plaintiff de la Cruz's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff de la Cruz and/or similarly situated individuals.

32.     Upon information and belief, individual defendant Yoonhwan Chung operates defendant Corporation as either an alter ego of himself and/or fails to operate defendant Corporation as a legal entity separate and apart from himself by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating defendant Corporation for his own benefit as the sole or majority shareholder;

(e)     operating defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of his own with defendant Corporation;

(g)     diminishing and/or transferring assets of defendant Corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

33.     At all relevant times, Defendants were Plaintiff de la Cruz's employers within the meaning of the FLSA and NYLL.

34.     Defendants had the power to hire and fire Plaintiff de la Cruz, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff de la Cruz's services.

35.     In the year 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the American restaurant on a daily basis, such as meat and lettuce, were produced outside of the State of New York.

*Individual Plaintiff*

37.     Plaintiff de la Cruz is a former employee of Defendants ostensibly employed as a delivery worker, but who spent more than 20% of each shift performing the non-delivery, non-tip duties outlined above.

38.     Plaintiff de la Cruz seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Orlando Xocua de la Cruz*

39.     Plaintiff de la Cruz was employed by Defendants from approximately June 2016 until on or about September 27, 2016.

40.     At all relevant times, Plaintiff de la Cruz was ostensibly employed by Defendants as a delivery worker.

41.     However, Plaintiff de la Cruz spent more than 20% of each work day performing the non-delivery, non-tip duties outlined above.

42.     Plaintiff de la Cruz regularly handled goods in interstate commerce, such as meat and vegetables produced outside of the State of New York.

43.      Plaintiff de la Cruz's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff de la Cruz regularly worked in excess of 40 hours per week.

45.     From approximately June 2016 until on or about September 10, 2016, Plaintiff de la Cruz worked from approximately 9:00 a.m. until on or about 3:00 p.m. Tuesdays through Fridays and from approximately 10:00 a.m. until on or about 8:00 p.m. on Saturdays and Sundays (typically 44 hours per week)

46.     From approximately September 10, 2016 until on or about September 27, 2016, Plaintiff de la Cruz worked from approximately 11:00 p.m. until on or about 8:00 p.m. Tuesdays through Fridays and from approximately 10:00 a.m. until on or about 8:00 p.m. Saturdays and Sundays (typically 56 hours per week).

47.     In addition, Plaintiff de la Cruz worked from approximately 12:00 p.m. until on or about 8:00 p.m. Tuesdays through Fridays and from approximately 10:00 a.m. until on or about 8:00 p.m. Saturdays and Sundays for the first week of the month of September (typically 52 hours per week).

48.     Throughout his employment with Defendants, Plaintiff de la Cruz was paid his wages in cash.

49.     Throughout his employment, defendants paid Plaintiff de la Cruz $7.50 per hour.

50.     Plaintiff de la Cruz was never notified by Defendants that his tips would be included as an offset for wages.

51.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff de la Cruz's wages.

52.     Defendants did not provide Plaintiff de la Cruz with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

53.     Defendants never provided Plaintiff de la Cruz with a written notice, in English and in Spanish (Plaintiff de la Cruz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff de la Cruz regarding overtime and wages under the FLSA and NYLL.

55.     Defendants required Plaintiff de la Cruz to purchase "tools of the trade" with his own funds—including a motorized bicycle.

*Defendants' General Employment Practices*

56.     Defendants regularly required their employees, including Plaintiff de la Cruz, to work in excess of forty (40) hours per week without paying them the proper minimum wage or overtime wage.

57.     From approximately September 10, 2016 until on or about September 27, 2016, Defendants maintained a policy and practice of requiring Plaintiff de la Cruz (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

58.     At no time did Defendants inform their employees, including Plaintiff de la Cruz, that they had reduced their hourly wages by a tip allowance.

59.     Defendants required all delivery workers, including Plaintiff de la Cruz, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

60.     Plaintiff de la Cruz, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-delivery, non-tipped duties.

61.     Plaintiff de la Cruz and all other delivery workers were paid at the lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip-credit because the delivery workers' and Plaintiff de la Cruz's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

62.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip-credit for any employee time if that time is devoted to a non-tipped occupation.

63.     The delivery workers', including Plaintiff de la Cruz's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

64.     In violation of federal and state law as codified above, Defendants classified Plaintiff de la Cruz and other delivery workers as tipped employees and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

65.     Plaintiff de la Cruz was paid his wages entirely in cash.

66.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff de la Cruz, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff de la Cruz's, relative lack of sophistication in wage and hour laws.

67.     Defendants failed to provide Plaintiff de la Cruz and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

68.     Defendants failed to provide Plaintiff de la Cruz and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

69.     Plaintiff de la Cruz brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

70.     At all relevant times, Plaintiff de la Cruz, and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

71.     The claims of Plaintiff de la Cruz stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

72.     Plaintiff de la Cruz repeats and re-alleges all paragraphs above as though fully set forth herein.

73.     At all times relevant to this action, Defendants were Plaintiff de la Cruz's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff de la Cruz (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

74.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

76.     Defendants failed to pay Plaintiff de la Cruz (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

77. Defendants' failure to pay Plaintiff de la Cruz (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiff de la Cruz (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

79. Plaintiff de la Cruz repeats and re-alleges all paragraphs above as though fully set forth herein.

80. At all times relevant to this action, Defendants were Plaintiff de la Cruz's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff de la Cruz (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

81. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

82. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

83. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff de la Cruz (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

84. Defendants' failure to pay Plaintiff de la Cruz (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

14

85.     Plaintiff de la Cruz (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

86.     Plaintiff de la Cruz repeats and re-alleges all paragraphs above as though fully set forth herein.

87.     At all times relevant to this action, Defendants were Plaintiff de la Cruz's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff de la Cruz (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

88.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff de la Cruz (and the FLSA Class members) less than the minimum wage.

89.     Defendants' failure to pay Plaintiff de la Cruz (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

90.     Plaintiff de la Cruz (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE
## NEW YORK STATE LABOR LAW

91.     Plaintiff de la Cruz repeats and re-alleges all paragraphs above as though fully set forth herein.

92.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff de la Cruz overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

93.     Defendants' failure to pay Plaintiff de la Cruz overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

94.     Plaintiff de la Cruz was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

95.     Plaintiff de la Cruz repeats and re-alleges all paragraphs above as though fully set forth herein.

96.     Defendants failed to provide Plaintiff de la Cruz with a written notice, in English and in Spanish (Plaintiff de la Cruz's  primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

97.     Defendants are liable to Plaintiff de la Cruz in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

98.     Plaintiff de la Cruz repeats and re-alleges all paragraphs above as though set forth fully herein.

99.     Defendants did not provide Plaintiff de la Cruz with a statement of wages with each payment of wages, as required by NYLL 195(3).

100.    Defendants are liable to Plaintiff de la Cruz in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## (RECOVERY OF EQUIPMENT COSTS)

101.    Plaintiff de la Cruz repeats and re-alleges all paragraphs above as though set forth fully herein.

102.    Defendants required Plaintiff de la Cruz to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as electric bicycles, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

103.    Plaintiff de la Cruz was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff de la Cruz respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff de la Cruz and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff de la Cruz and the FLSA class

members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff de la Cruz's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff de la Cruz and the FLSA class members;

(f)     Awarding Plaintiff de la Cruz and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff de la Cruz and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff De la Cruz and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff de la Cruz and the members of the FLSA Class;

(j)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff de la Cruz's, and the FLSA Class members', compensation, hours,

wages; and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff de la Cruz and the FLSA Class members;

(l)     Awarding Plaintiff de la Cruz and the FLSA class members damages for the amount of unpaid minimum and overtime wages as well as damages for any improper deductions or credits taken against wages;

(m)     Awarding Plaintiff de la Cruz damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff de la Cruz and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)     Awarding Plaintiff de la Cruz and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff de la Cruz and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

19

Plaintiff De la Cruz demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
      January 20, 2017

                            MICHAEL FAILLACE & ASSOCIATES, P.C.


                            _____/s/ Michael Faillace_____ _____
By:    Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 2540
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 27, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Orlando Xocua De la Cruz

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           27 de septiembre de 2016